# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### AMENDED JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

DONNA ZADORA
139 Ridge Road
Bristol, CT 06010

DOB: 05-01-50

CASE NO. 3:03CR97(RNC)

Eric J. Glover, Assistant U.S. Attorney

Richard S. Cramer
Defendant's Attorney

The defendant pled guilty to count one of an indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count one, which involves the following offense:

Title & Section: 26 U.S.C. § 7206(2)                     Count: one
Nature of Offense: Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Tax Returns Date Offense Concluded: 1999

The defendant was originally sentenced on September 25, 2003. On that date, the court (Squatrito, J.) departed downward from the sentencing guidelines based on extraordinary family circumstances and sentenced the defendant to a term of imprisonment of 5 months to be followed by a term of supervised release of 1 year with special conditions that the defendant pay a fine of $20,000, pay the costs of her supervision at the rate of $270.59 per month, and serve the first 5 months of her supervised release confined to her home with electronic monitoring at her expense. The defendant was also ordered to pay a special assessment of $100. After the sentence was implemented, the Court of Appeals ruled that the downward departure was not supported by evidence of exceptional hardship, vacated the judgment, and remanded the case for resentencing.

Following an evidentiary hearing, the court now grants the defendant's renewed motion for a downward departure on the grounds that she provides irreplaceable caretaking support for her elderly mother, and the harm her mother would suffer if this support were taken away would substantially exceed the harm ordinarily incident to incarceration of a similarly situated defendant.

Having granted the renewed motion on these grounds, the court now reimposes the same sentence imposed on September 25, 2003, the terms of which are described above. The court notes that the defendant has fully served the 5 month term of incarceration, fully paid the $20,000 fine, paid the costs of her supervision to date, and paid the special assessment of $100. She has not fully served the 5 month term of home confinement. Accordingly, she will now complete the balance of that term with electronic monitoring at her expense. In addition, she will continue to pay the costs of her supervision at the rate of $270.59 per month.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the general conditions of supervised release set out on the reverse side are also imposed.

It is so ordered.

November 22, 2004
Date of Imposition of Sentence

Robert N. Chatigny, U.S.D.J   Date: November 30, 2004

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
  Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


John F. Bardelli
United States Marshal


By:_____
Deputy Marshal